UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAMAR BURKS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-3103 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## **OPINION ON DISMISSAL**

Petitioner Lamar Burks, a state inmate, filed an initial pleading styled "Applicant's Motion for Post-Conviction DNA Testing Pursuant to the Innocence Protection Act of 2004," naming the State of Texas as "Respondent." (Docket No. 1.) The document was filed by the Clerk's Office as a petition for writ of habeas corpus under 28 U.S.C. § 2254 with William Stephens, Director of the Texas Department of Criminal Justice-Correctional Institutions Division, substituted as the respondent. Petitioner was assessed a habeas corpus filing fee of five dollars. (Docket Entry dated Nov. 14, 2014.) Petitioner then filed a document styled "Applicant's Objection to Preliminary Pleading" (Docket No. 6) in which he objects to the filing of his initial pleading as a successive habeas corpus petition and requests that it be refiled in some other manner.[1] Because Petitioner's motion does not challenge the fact or duration of his confinement and success on his motion would not necessarily imply the invalidity of his

---

[1] Petitioner does not state how he would like his motion handled. However, the Court notes that the statute under which Petitioner seeks relief explicitly applies only to "an individual under a sentence of imprisonment or death pursuant to a conviction for a Federal offense," 18 U.S.C. § 3600(a) (emphasis added), which does not include Petitioner. Moreover, such motions are typically filed, not as separate proceedings, but as a motion in an existing federal criminal case. Thus, the Court has no alternative but to construe Petitioner's filing as a civil rights complaint.

conviction or sentence, Petitioner must proceed, if at all, via a civil rights suit under 42 U.S.C. §1983. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (noting that if a "favorable determination" would not automatically entitle the prisoner to an accelerated release, the proper vehicle is a § 1983 suit).

However, under 28 U.S.C. § 1915(g), a prisoner cannot file a civil action *in forma pauperis* in federal court if, on three or more prior occasions, while incarcerated, he brought an action that was dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. The only exception to this revocation of an inmate's privilege to proceed *in forma pauperis* is if he is in immediate danger of serious physical harm. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

The present suit is clearly subject to the three-strikes bar under § 1915(g) because Petitioner does not indicate that he is in any danger of physical harm and his litigation history reveals that he has previously filed at least three cases in the federal courts that were dismissed as frivolous or for failing to state a claim. *See Burks v. Delarosa*, No. 4:10-cv-2117 (N.D. Tex.—Houston, filed June 14, 2010) (dismissed June 18, 2010); *Burks v. Adams*, No. 4:12-cv-0178 (N.D. Tex.—Houston, filed June 12, 2012) (dismissed July 13, 2012); *Burks v. Collins*, No. 4:12-cv-2152 (N.D. Tex.—Houston, filed July 13, 2012) (dismissed July 30 2012).

Accordingly, it is ORDERED that this cause of action is DISMISSED under 28 U.S.C. § 1915(g) without prejudice to refiling with payment of the entire $400.00 filing fee. Petitioner will not receive a refund or credit for the five dollars he paid toward the filing fee in this case. Any pending motions are further DENIED.

The Clerk will provide copies of this Order to Petitioner, the TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159, and the Clerk

of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

SIGNED at Houston, Texas, this 15th day of July, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE